%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Timothy Michael

**DEFENDANTS**
Walgreen Co., t/d/b/a Walgreens, Walgreen Company, Walgreen's, Walgreen's Pharmacy, et al.

**(b)** County of Residence of First Listed Plaintiff   **Delaware (PA)**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Lake (IL)**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Timothy M. Kolman, Esq. and Eman Abouelseoud, Esq.
414 Hulmeville Ave, Penndel, PA 19047   (215) 750-3134

Attorneys (If Known)
James L. Moore, Jr., Esq., 1600 JFK Blvd, Ste 620, Four Penn Center, Phila, PA 19103  (215) 564-2928

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1  Original Proceeding
☒ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1441
Brief description of cause:
Professional Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE   Juan R. Sanchez
DOCKET NUMBER   2:11-cv-06680-JS

DATE   03/05/2012
SIGNATURE OF ATTORNEY OF RECORD   /s/ James L. Moore

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1305 Tarpan Circle, New Hope, Bucks County, Pennsylvania

Address of Defendant: 200 Wilmot Rd., Deerfield, Lake County, IL 60015

Place of Accident, Incident or Transaction: 2319 York Road, Jamison, Bucks County, Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: 2:11-cv-06680-JS    Judge: Juan R. Sanchez    Date Terminated: 01/30/2012

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☒   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✓ IN ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Prof. Negligence)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                        Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/05/2012    _____    057487 (Pennsylvania)
                     Attorney-at-Law         Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MICHAEL<br><br>v.<br><br>WALGREEN CO. t/d/b/a WALGREENS<br>WALGREEN COMPANY, WALGREEN'S<br>WALGREEN'S PHARMACY and<br>WALGREEN DRUGSTORE, INC.<br>and<br>Dr. JAI D. MISTRY | CIVIL ACTION NO. |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| March 5, 2012 | _[signature]_ | Walgreen Co. and Dr. Jai Mistry |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Defendants** |
| (215)564-2928 | (215)564-3281 | jmoore@tthlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MICHAEL<br><br>v.<br><br>WALGREEN CO. t/d/b/a WALGREENS, WALGREEN COMPANY, WALGREEN'S, WALGREEN'S PHARMACY and WALGREEN DRUGSTORE, INC.<br>and<br>Dr. JAI D. MISTRY | CIVIL ACTION NO. |

### NOTICE OF REMOVAL
### OF DEFENDANT, WALGREEN CO.

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendants, Walgreen Co., Walgreen Company, Walgreen's, Walgreen's Pharmacy and Walgreen Drugstore, Inc., collectively properly known as Walgreen Eastern Co., Inc. (hereinafter "Walgreens") and Dr. Jai Mistry, properly known as Jai D. Mistry, RPh (hereinafter "Mistry"), by and through their attorneys, Thomas, Thomas & Hafer LLP, hereby file this Notice of Removal of the entire civil action from the Pennsylvania Court of Common Pleas in Bucks County, captioned *Timothy Michael v. Walgreen Co., et al.*, at No. 2011-08675, to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Walgreens and Mistry state the following:

1. Plaintiff, Timothy Michael (hereinafter, "Michael"), commenced this civil action by filing a Writ of Summons on September 29, 2011 in the Pennsylvania Court of Common Pleas, Bucks County captioned *Timothy Michael v. Walgreen Co. t/d/b/a Walgreens, Walgreen Company, Walgreen's, Walgreen's Pharmacy and Walgreen Drugstore, Inc., and Dr. Jai D. Mistry*, at No. 2011-08675, followed by the filing of a Complaint on February 10, 2012, a true and correct copy of which is attached hereto and marked as Exhibit "A."

2. Walgreens was served with a copy of the Complaint on or about February 22, 2012.

3. Mistry was served with a copy of the Complaint on or about February 24, 2012.

4. Michael resides at 1305 Tarpan Circle in New Hope, Pennsylvania, and on information and belief was a citizen of the Commonwealth of Pennsylvania at the time suit was commenced.

5. Walgreens is a New York corporation with its principal place of business in Illinois.

6. Mistry is a foreign born citizen of Canada who resides in Bucks County, Pennsylvania.

7. Michael alleges professional negligence on the part of Walgreens and Mistry by reason of the filling of a prescription with an incorrect medication on or about September 29, 2009. See Exhibit "A" at ¶¶ 4, 5 and 6.

8. Michael alleges that as a result of the conduct of Walgreens and Mistry, he sustained various injuries including violent side effects which caused him pain and suffering, serious and permanent injury, for which he incurred large and unnecessary medical bills, and lost wages as well as loss of employment. *Id.* at ¶¶ 7, 12, 13, and 16.

9. Michael seek damages in an amount in excess of fifty-thousand dollars ($50,000.00). *Id.* at pp. 5, 7 and 8.

10. Allegations of injuries and damages, similar to those alleged by Michael, have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirements set forth in 28 U.S.C. §§ 1332(a), and 1441(a). *See, e.g., Samuel-Basset v. Kia Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004); *Field v. Allstate*, 2003 WL 22271674 (E.D. Pa. August 4, 2003); *Ferkeritch v. Carnival Cruise*

*Lines,* 2002 WL 31371977 (E.D. Pa. October 17, 2002); *Carroll v. United Airlines, Inc.,* 7 F. Supp. 2d 516 (U.S. Dist. N.J. 1998); *Angus v. Shiley,* 989 F.2d 142 (3d Cir. 1993).

11. In light of the foregoing, Walgreens and Mistry aver that the amount in controversy in this action for any adverse judgment against it exceeds $75,000.00, exclusive of interests and costs.

12. Because the amount in controversy exceeds $75,000.00, and because there exists diversity of citizenship (*i.e.,* this action is between citizens of different states, and Walgreens is not a citizen of the Commonwealth of Pennsylvania where the original action was filed), this Court possesses original jurisdiction of this action pursuant to 28 U.S.C. §§ 1332(a),1441(a), and 1446(b),. Furthermore, the Eastern District of Pennsylvania embraces Bucks County, where the current action is pending in the Court of Common Pleas in the Commonwealth of Pennsylvania.

13. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it is being filed less than thirty (30) days from February 22, 2012, the date on which Walgreens was first served with Michael's Complaint.

14. No previous Notice of Removal has been filed or made to this Court for the relief sought herein.

15. Accordingly, this lawsuit is properly removed from Pennsylvania State court to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1), 1441(a) and 1446(b).

16. Walgreens and Mistry expressly reserve the right to raise all defenses and objections in this action after it is removed to this Honorable Court.

17. A true and correct copy of this Notice of Removal is being filed with the Prothonotary of the Bucks County Court of Common Pleas, as provided by 28 U.S.C. § 1446(d).

18.  Written Notice of the filing of this Notice of Removal will be served upon all parties as required by 28 U.S.C. § 1446(d).

19.  No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved to the Walgreens.

**WHEREFORE,** Defendants, Walgreen Co., Walgreen Company, Walgreen's, Walgreen's Pharmacy and Walgreen Drugstore, Inc., collectively properly known as Walgreen Eastern Co., Inc. and Dr. Jai D. Mistry, properly known as Jai Mistry, RPh respectfully request that this case be removed from the Pennsylvania Court of Common Pleas in Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

THOMAS, THOMAS & HAFER LLP

BY: _____
JAMES L. MOORE, JR., ESQUIRE
Pa. Supreme Court Identification No: 57487

Four Penn Center, Suite 620
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
T: (215) 564-2928
F: (215) 564-2928
E: jmoore@tthlaw.com

Attorneys for Defendant,
Walgreen Co., Walgreen Company,
Walgreen's, Walgreen's Pharmacy and
Walgreen Drugstore, Inc., collectively properly
known as Walgreen Eastern Co., Inc. and
Dr. Jai D. Mistry, properly known as Jai Mistry, RPh

Dated: 03-05-12

**EXHIBIT "A"**

KOLMAN ELY, P.C.
Timothy M. Kolman, Esquire
Attorney I.D. No. 51982
Eman Abouelseoud, Esquire
Attorney I.D. No. 205477
414 Hulmeville Avenue
Penndel, PA  19047
(215) 750-3134

*Attorney for Plaintiffs*

| | |
|---|---|
| TIMOTHY MICHAEL | COURT OF COMMON PLEAS |
| Plaintiff, | BUCKS COUNTY |
| v. | CIVIL ACTION |
| | No: 2011-08675 |
| WALGREEN CO. T/D/B/A WALGREENS WALGREEN COMPANY, WALGREEN'S WALGREEN'S PHARMACY, and WALGREEN DRUGSTORE, INC. | |
| and | |
| DR. JAI D. MISTRY | |
| Defendants. | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by Attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Bucks County Bar Association
135 East State Street
P.O. Box 300
Doylestown, PA 18901

Kolman Ely, P.C.
414 Hulmeville Avenue
Penndel, PA  19047

January 31, 2012

KOLMAN ELY, P.C.
Timothy M. Kolman, Esquire
Attorney I.D. No. 51982
Wayne A. Ely, Esquire
Attorney I.D. No. 69670
Eman Abouelseoud, Esquire
Attorney I.D. No. 205477
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134

*Attorney for Plaintiffs*

| | |
|---|---|
| TIMOTHY MICHAEL<br>305 Tarpan Circle<br>New Hope, PA 18938<br><br>          Plaintiff,<br><br>     v.<br><br>WALGREEN CO. T/D/B/A WALGREENS<br>WALGREEN COMPANY, WALGREEN'S<br>WALGREEN'S PHARMACY, and<br>WALGREEN DRUGSTORE, INC.<br>200 Wilmot Road<br>Deerfield, IL 60015   and<br><br>and<br><br>DR. JAI D. MISTRY<br>c/o Walgreens<br>2319 York Road, #9078<br>Jamison, PA 18929<br><br>          Defendants. | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br><br>CIVIL ACTION<br><br>No: 2011-08675 |

## PLAINTIFF'S COMPLAINT

AND NOW, comes the plaintiff, Timothy Michael, by and through his attorneys, and aver as follows:

1.  Plaintiff, Timothy Michael (hereinafter "Plaintiff"), is an adult individual residing at 1305 Tarpan Circle, New Hope, Pennsylvania 18938.

2. Defendant, Walgreen Co., trading and doing business under as one or more of the above-captioned entities (hereinafter collectively "Defendant Walgreens"), is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the Commonwealth of Pennsylvania with an address of 2319 York Road, Jamison, Pennsylvania 18929. Defendant Walgreens, regularly conducts business in Bucks County, Commonwealth of Pennsylvania.

3. Defendant, Dr. Jai D. Mistry (hereinafter "Defendant Mistry") is, upon information and belief, an individual employed as a licensed Pharmacist by Defendant Walgreens at 2319 York Road, Jamison, PA 18929.

4. On September 29, 2009, Plaintiff took a prescription for Buspar to Defendants to be filled and subsequently began taking the prescription.

5. Upon information and belief, Plaintiff's prescription was filled and or checked by Defendant Mistry as an agent of Defendant Walgreens.

6. Unbeknownst to Plaintiff, his prescription was filled with an incorrect medication.

7. Over the ensuing days, as a direct and proximate result of the incorrectly-filled prescription, Plaintiff suffered violent side effects, including losing control of his vehicle and driving into a ditch and bizarre behavior at his place of employment.

8. It was later determined that Plaintiff was given the wrong medication by Defendants.

## COUNT I
## NEGLIGENCE
### Plaintiff v. Defendant Walgreens

9. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

10. Defendant Walgreens employed pharmacists and it is believed and hereby alleged that the pharmacist(s) who filled plaintiff's prescription was/were agents, servants, workmen or employees of Defendant Walgreens.

11. Defendant Walgreens failed to exercise the judgment of a reasonable pharmacy in that it:

   (a) Failed to extend proper and reasonable services to Plaintiff;

   (b) Failed to exercise reasonable care and diligence in the application of knowledge and skill to Plaintiff as a patron;

   (c) Failed to properly fill and/or check a prescription;

   (d) Held out expertise which induced Plaintiff to believe that adequate and proper care would be taken when in fact, adequate and proper and reasonable care was not taken;

   (e) Failed to adhere to the accepted procedures of administering drugs to individuals such as Plaintiff;

   (f) Failed to possess the degree of professional learning, skill and ability which others similarly situated ordinarily possess;

   (g) Failed to exercise reasonable care and diligence in the application of its knowledge and skill to Plaintiff;

   (h) Failed to properly select, train, or supervise its pharmacists;

   (i) Failed to conform to the required standard of care when filling the prescription; and

   (j) otherwise acted negligently as may be determined during discovery.

12. As a result of the negligence of Defendant Walgreens, Plaintiff sustained the following injuries:

(a) Extended pain and suffering due to Defendant Walgreen's failure to properly fill Plaintiff's prescription;

(b) Serious and permanent injury due to Defendant Walgreen's failure to properly fill plaintiff's prescription;

(c) Large and unnecessary medical bills incurred;

(d) Lost wages and other expenses incurred as a result of Defendant Walgreen's failure to properly fill plaintiff's prescription;

(e) Loss of employment; and

(f) Mental anguish.

13. As a direct and proximate result of Defendant Walgreens' negligence, Plaintiff has experienced pain, suffering, medical expenses and bills, embarrassment, mental anguish and humiliation, as well as lost wages and future lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Walgreens in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II
## NEGLIGENCE
### Plaintiff v. Dr. Jai Mistry

14. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

15. Defendant Mistry, in filling or failing to check Plaintiff's prescription, failed to exercise the judgment of a reasonable pharmacy in that she:

(a) Failed to extend proper and reasonable services to Plaintiff;

(b) Failed to exercise reasonable care and diligence in the application of knowledge and skill to Plaintiff as a patron;

(c) Failed to properly fill a prescription;

(d) Held out expertise which induced Plaintiff to believe that adequate and proper care would be taken when in fact, adequate and proper and reasonable care was not taken;

(e) Failed to adhere to the accepted procedures of administering drugs to individuals such as Plaintiff;

(f) Failed to possess the degree of professional learning, skill and ability which others similarly situated ordinarily possess;

(g) Failed to exercise reasonable care and diligence in the application of its knowledge and skill to Plaintiff;

(h) Failed to conform to the required standard of care when filling the prescription; and

(i) Otherwise acted negligently as may be determined during discovery.

16. As a result of the negligence of Defendant Mistry, Plaintiff sustained the following injuries:

(a) Extended pain and suffering due to Defendant Mistry's failure to properly fill Plaintiff's prescription;

(b) Serious and permanent injury due to Defendant Mistry's failure to properly fill Plaintiff's prescription;

(c) Large and unnecessary medical bills incurred;

(d) Lost wages and other expenses incurred as a result of defendant Walgreens' failure to properly fill plaintiff's prescription;

(e) Loss of employment; and

(f) Mental anguish.

17. As a direct and proximate result of Defendant Mistry's negligence, Plaintiff has experienced pain, suffering, extensive medical expenses and bills, embarrassment, mental anguish and humiliation, as well as lost wages and future lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Mistry in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT III – VICARIOUS LIABILITY
### Plaintiff, Timothy Michael v. Defendant Walgreens

18. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

19. Defendant Mistry and others, including, but not limited to, pharmacy staff, who acted for and on behalf of Defendant Walgreens as its agents, servants, employees, directors or officers of Defendants were held out as such.

20. At all relevant times hereto, the pharmacists and pharmacy staff were acting within the scope of their employment agents, servants, employees, directors or officers of Defendant Walgreens.

21. Defendant Walgreens is vicariously liable for the commissions or omissions of the pharmacists and pharmacy staff, as though the aforesaid entity performed the acts or omissions itself.

22. The pharmacist and pharmacy staff who treated Plaintiff were and are the ostensible and/or corporate agents of Defendant Walgreens, as there was a holding out to the public that Defendant Walgreens and its employees were affiliated with one another, either as agents, servants or employees or in a joint venture.

23. As a direct and proximate result of the conduct set forth above, Plaintiff has suffered damages as aforesaid, extended pain and suffering, extensive medical expenses and bills, embarrassment, mental anguish, and lost wages and future lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in excess of the arbitration limit of this court.

## COUNT IV
## CORPORATE NEGLIGENCE
### Plaintiff v. Defendant Walgreens

24. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

25. Defendant Walgreens was further negligent through its agents, servants, workman, officers, directors and/or employees under theories of corporate liability, in that:

  (a) It failed to fulfill its duty to select and retain only competent pharmacists and pharmacy staff, in that it allowed the pharmacists and pharmacy staff and others to fill prescriptions within its when they were not qualified to do so;

  (b) It failed to retain, train and supervise the pharmacists and pharmacy staff and others who participated in Plaintiff's care; and

  (c) It failed to fulfill its duty to properly formulate and adopt adequate rules and procedures to ensure the quality of care provided to patients by its agents, servants, workmen or employees.

WHEREFORE, Plaintiff demands judgment against Defendant Walgreens in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

Respectfully submitted,

KOLMAN ELY, P.C.

By: _____
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
Eman Abouelseoud, Esquire

January 31, 2012

## VERIFICATION

I, Timothy M. Kolman, Esquire, verify that the statements made in Plaintiff's Complaint are true and correct and to the best of my knowledge, information, and belief, and that this Verification is made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities.

Date: 1/31/2012

Timothy M. Kolman, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MICHAEL<br><br>v.<br><br>WALGREEN CO. t/d/b/a WALGREENS, WALGREEN COMPANY, WALGREEN'S, WALGREEN'S PHARMACY and WALGREEN DRUGSTORE, INC.<br>and<br>Dr. JAI D. MISTRY | CIVIL ACTION NO. |

### CERTIFICATE OF SERVICE

I, James L. Moore, Jr., Esquire, do hereby certify that a true copy of the within Notice of Removal was served upon the following counsel via U.S. Mail, First Class, Postage Prepaid on the 5th day of March, 2012:

Timothy M. Kolman, Esquire
Eman Abouelseoud, Esquire
**KOLMAN ELY, P.C.**
414 Hulmeville Avenue
Penndel, PA 19047

*James L. Moore, Jr., Esquire*

Thomas, Thomas & Hafer LLP
Four Penn Center, Suite 620
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
T: (215) 564-2928
F: (215) 564-3281
E-mail: jmoore@tthlaw.com

Attorneys for Defendants,
Walgreen Co., Walgreen Company, Walgreen's, Walgreen's Pharmacy and Walgreen Drugstore, Inc., collectively properly known as Walgreen Eastern Co., Inc. and Dr. Jai D. Mistry, properly known as Jai Mistry, RPh